## UNITED STATES *v.* FORTY-EIGHT POUNDS OF RISING STAR TEA, ETC.

*(Circuit Court, N. D. California.  April 1, 1889.)*

**INDIANS—TRADING IN INDIAN COUNTRY—KLAMATH RESERVATION.**

Act April 8, 1864, provides that there shall be set apart by the president, at his discretion, not exceeding four tracts of land, in California, for Indian reservations; that "said tracts to be set apart as aforesaid," may or may not, in his discretion, include existing reservations, and that the reservations which shall not be retained, shall be surveyed and sold as therein provided. Four tracts were afterwards set apart, none of them including the previously existing Klamath reservation. *Held*, that such Klamath reservation was not "Indian country," within the meaning of Rev. St. § 2133, prescribing the penalty for unauthorized trading in the Indian country. Affirming 35 Fed. Rep. 403.

On appeal from district court.  35 Fed. Rep. 403.

Seizure for violation of Rev. St. § 2133.  Libel dismissed, and the United States appeal.

*John T. Carey,* for U. S. appellants.

*J. E. McElrath* and *D. T. Sullivan,* for respondent.

Before SAWYER, Circuit Judge.

SAWYER, J.  The only question in this case, is, whether the country within the Klamath Indian reservation, as set apart in 1855, is "Indian country," or "any Indian reservation," within the meaning of section 2133, of the Revised Statutes, as amended July 31, 1882, (22 St. 179.) Section 2 of the act of congress of April 8, 1864, (13 St. 40,) provides "that there shall be set apart by the president, and at his discretion, not exceeding four tracts of land within the limits" of the state of California for Indian reservations; and it further provides that the said tracts to be set apart as aforesaid may, or may not, as in the discretion of the president may be deemed for the best interest of the Indians to be provided for, include any of the Indian reservations heretofore set apart in said state," etc.  This statute contemplates future action by the president, as is manifest by the words, "shall be set apart," and the words subsequently used, "said tracts to be set apart as aforesaid."  Section 3 provides "that the several Indian reservations in California which shall not be retained for Indian reservations under the provisions of the preceding section of this act" shall be surveyed and sold as thereinafter provided.  The president did thereafter act from time to time, and he did set off four tracts in different parts of the state for the purposes provided for, and he did not include in any one of them the " Klamath

Indian Reservation," theretofore set apart. In setting apart these four reservations without including the Klamath reservation, he necessarily exercised his discretion, and, by implication at least, excluded them. As they were not retained by the future and further action of the president "for the purposes of Indian reservations," "under the provisions of the preceding sections of this act," the reservation, by the terms of the act itself, abolished or abrogated the prior reservation. This necessarily follows from the provision requiring these lands not embraced in the reservations made by the action of the president under that act to be cut up into lots of suitable size and sold, as provided in the act. It is true that they were not thrown generally into the general system of public lands, to be disposed of to pre-emptors and others according to that system, but they were to be disposed of under special provisions as in the act provided. The lands ceased to be an "Indian reservation" and they, certainly, were not "Indian country," within the meaning of section 2133 of the Revised Statutes, under which the libel in this case was filed. I concur with the district court in the views taken as reported in this case, 35 Fed. Rep. 403. The decree of the district court dimissing the libel must therefore be affirmed, and the libel dismissed; and it is so ordered.